

FILED
MAR - 6 2019
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 2:19-0007/
             18 U.S.C. § 371

**PAUL W. BURKE, M.D.**

### I N F O R M A T I O N
(Conspiracy to Distribute Controlled Substances Not for a Legitimate Medical Purpose and Beyond the Bounds of Medical Practice)

The United States Attorney Charges:

1. From in or about April 2014, through in or about September 2014, at or near Charleston, Kanawha County, West Virginia, within the Southern District of West Virginia, defendant PAUL W. BURKE, M.D., did knowingly conspire and agree with two or more persons known and unknown to the United States Attorney, to commit an offense against the United States, that is to distribute Schedule II controlled substances, including a mixture and substance containing oxycodone, not for a legitimate medical purpose in the usual course of professional practice and beyond the bounds of medical practice, in violation of 21 U.S.C. § 841(a)(1).

2. In furtherance of the conspiracy and to effect its objective, defendant PAUL W. BURKE, JR., committed the following and other overt acts:

a. On July 2, 2014, while working at the HOPE Clinic in Charleston, Kanawha County, West Virginia, defendant BURKE wrote HOPE Clinic customer N.J. a prescription for 90 oxycodone 30 mg pills not for a legitimate medical purpose in the usual course of professional practice and beyond the bounds of medical practice. Defendant Burke had never examined customer N.J. or even met customer N.J. before issuing the prescription on July 2, 2014. Defendant BURKE did not review customer N.J.'s entire medical chart before prescribing oxycodone to her in order to determine whether treating her with opioids was medically necessary or appropriate. Defendant BURKE did not discuss with customer N.J. at any time her prior failed drug screens, including a prior failure for illicit cocaine. Defendant BURKE did not warn customer N.J. about the danger of taking drugs not as prescribed, and did not discuss with customer N.J. the possibility of addiction or chemical dependency. Defendant BURKE did not discuss any future treatment plan with customer N.J., and did not discuss or review any medical treatment other than writing a prescription for highly addictive opioid medication. Defendant BURKE did not observe any such documentation in customer N.J.'s chart by any physician at HOPE Clinic.

b. On August 25, 2014, defendant BURKE wrote prescriptions to customer S.W. for 150 oxycodone 15 mg and 60 Percocet 10 mg not for a legitimate medical purpose in the usual course of professional practice and beyond the bounds of medical practice.

Customer S.W.'s first visit to the HOPE Clinic was on December 18, 2012. She had an MRI report with essentially normal findings and no other prior medical records in her chart. Between December 2012 and August 2014, seven different doctors, including defendant BURKE, at the HOPE Clinic, wrote customer S.W. a total of 720 oxycodone 10 mg pills and 2,550 oxycodone 15 mg pills not for a legitimate medical purpose in the usual course of professional practice and beyond the bounds of medical practice. Customer S.W. took seven drug tests during this time and failed every single one and no physician, including defendant BURKE, discussed with customer S.W. drug addiction, drug abuse, drug treatment, or drug diversion.

In violation of Title 18, United States Code, Section 371.

>MICHAEL B. STUART
>United States Attorney
>
>By: *[signature]*
>MONICA D. COLEMAN
>Assistant United States Attorney